# Third District Court of Appeal
## State of Florida

Opinion filed April 12, 2023.

_____

No. 3D22-2209
Lower Tribunal No. 22-32498 CC
_____

**Yvern Jones,**
Appellant,

vs.

**Ivy M. Reid,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Legal Services of Greater Miami, Inc., and Jeffrey M. Hearne, Kathryn Mesa, and Alexander Weintraub, for appellant.

Ivy M. Reid, in proper person.

Before EMAS, SCALES and LINDSEY, JJ.

EMAS, J.

Yvern Jones ("Tenant") appeals from a Final Judgment for Removal of Tenant following an eviction complaint filed by Ivy M. Reid ("Landlord"). Upon our review of the record, and Landlord's pleading (which we treat as a confession of error), we reverse the final judgment and remand for further proceedings.

In response to Landlord's eviction complaint, Tenant timely filed an answer and affirmative defenses as well as a motion for determination of rent. The answer denied the material allegations of the complaint; the affirmative defenses raised legal and equitable defenses, including a claim of retaliatory eviction; and moved for a determination of rent, alleging that Tenant was a "Section 8 voucher participant" and requesting the trial court determine how much (if any) rent Tenant was required to deposit into the registry of the court.

Landlord thereafter filed a motion requesting the court enter a default final judgment, asserting as a basis that Tenant "has not vacated the premises as requested in the complaint." The timely answer and affirmative defenses, and the motion to determine rent (as well as Landlord's motion to strike answer and enter default) all remained pending when the trial court, without a hearing, entered an unelaborated Final Judgment for Removal of Tenant. Tenant sought rehearing and moved to vacate the default final

2

judgment, which was denied, but the trial court stayed the writ of possession during the pendency of this appeal.

Given the procedural posture of the case, the trial court's entry of final judgment was erroneous.  See  Crawford v. Grubb, 337 So. 3d 521 (Fla. 2d DCA 2022) (reversing final judgment of eviction, where trial court prematurely entered a default final judgment after tenant filed a timely answer and affirmative defenses). See also Axen v. Poah Cutler Manor, LLC, 323 So. 3d 800, 801 (Fla. 3d DCA 2021) (reversing final judgment of eviction because "the undisposed-of motion to determine rent precluded entry of final judgment"); Prince v. MCR Apts. 1, LLC, 326 So. 3d 228 (Fla. 3d DCA 2021) (reversing final judgment of eviction when motion to determine rent remained pending and unresolved).

We therefore reverse and remand with directions to vacate the default final judgment and for further proceedings consistent with this opinion.